Law Offices of Matthew H. Green
130 W. Cushing Street
Tucson, AZ 85718
(520) 882-8852
Fax (520) 882-8843
Email: matt@arizonaimmigration.net

Matthew H. Green
Arizona Bar No. 020827
Attorney for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR17-01658-JGZ(DTF) |
| Plaintiff, | **DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION FOR RULE 15 DEPOSITIONS** |
| vs. | |
| SINISA DJURDJIC, | |
| Defendant. | |
| | (HONORABLE JENNIFER G. ZIPPS ) |

Defendant Sinisa Djurdjic ("Mr. Djurdjic"), by and through undersigned counsel, submits the following response to the government's Motion for Rule 15 Depositions. The defense requests this Court to deny the government's request for depositions for the reasons stated below.

RESPECTFULLY SUBMITTED this 17th of April, 2019.

LAW OFFICES OF MATTHEW H. GREEN

/s/Matthew H. Green
Attorney for Defendant

1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Facts and Procedural History:**

The government requests the district court to order depositions of certain foreign individuals who may have information and testimony relevant to the present prosecution. The government request is made pursuant to Rule 15(a) and (c)(3) of the Federal Rules of Criminal Procedure ("Rule 15").  Paragraph I of the government's Rule 15 motion states that the defense is unwilling to stipulate to any depositions.  The defense has engaged in negotiations with the government in good faith on how such depositions might properly be held for specific witnesses. However, the parties have not been able to agree on how to deal with several fundamental points that are raised in Rule 15, mainly concerning whether sufficient information exists that each individual witness is unavailable for trial.

The government's motion for depositions states that the principal reason for the requested depositions is to preserve testimony regarding whether Mr. Djurdjic was a member of a military organization when he is alleged to have committed various human rights abuses.   The government posits that all of the potential witnesses sought to be deposed have either witnessed first-hand and/or directly experienced physical abuse or persecution by Mr. Djurdjic.

**II.    Legal Analysis:**

"Whether to grant or deny a motion to depose a proposed witness in a criminal trial is discretionary." *Furlow v. United States*, 644 F.2d 764, 767 (9th Cir. 1981).  "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (quoting *United States v. Farfan-Carreon*, 935 F.2d 678, 679 (5th Cir. 1991)).  Although "the textual words of Rule 15 do not expressly require 'materiality,' it is emphatically clear . . . that the

2

words 'in the interest of justice' call for the deposition to offer evidence that is material." *United States v. Dillman*, 15 F.3d 384, 389 (5th Cir. 1994). The dual textual limitations - because of exceptional circumstances and in the interest of justice - "are usefully elucidated in [an] Advisory Committee Note, which states that courts should grant depositions only 'if it appears that (a) the prospective witness will be unable to attend or be prevented from attending the trial, (b) the prospective witness' testimony is material, and (c) the prospective witness' testimony is necessary to prevent a failure of justice.'" *United States v. Ordonez*, 242 F. Supp. 3d 466, 472 (E.D. Va. 2017) (quoting *United States v. Rosen*, 240 F.R.D. 204, 208 (E.D. Va. 2007) (quoting, in turn, FED. R. CRIM. P. 15 advisory committee's note, 1975 Enactment)).

The exceptional circumstances argued by the government in its motion for depositions consists of its claim that some of its prospective witnesses have expressed an unwillingness to travel to the United States.  The government notes that it is not clear whether other listed witnesses are willing to travel to the US for a deposition or trial and that the question about willingness to travel to the US for purposes of this criminal prosecution has not been asked.

The government lays out the general standard that exceptional circumstances exist when a desired witness is unavailable and that the testimony of the desired witness is material.  Mr. Djurdjic's position is that depositions should not be ordered unless the government, as the moving party, shows that exceptional circumstances exist.

In support of its argument, the government cites *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993). In *Drogoul*, the government sought depositions of several foreign nationals living in Italy pursuant to Rule 15.  The district court denied the government's request noting "the government has failed to procure the affidavits of any of the witnesses themselves indicating that they are unwilling to travel to the United States…" *Drogoul*, 1 F.3d at 1550.  The *Drogoul* Court explained that:

> In response to the district court's concerns regarding the prospective deponents' availability, the government enlisted the assistance of the Government of Italy to ascertain more conclusively the witnesses' willingness to testify in the United States.  Pursuant to a treaty request lodged with the Italian government, an Italian judicial officer interviewed the thirteen potential witnesses as to whether they would travel to the United States to testify at Drogoul's trial.  Six of the witnesses declared they would be willing to testify in the United States; seven declared they would not…."

*Id.*, 1 F.3d at 1550.

In *Drogoul*, the issue on the first appeal was whether significant new information caused a motion for reconsideration to be timely.  *Id.* at 1551.  A second appeal concerned the district court's continued denial of the government's Rule 15 on constitutional grounds. *Id*.

The *Drogoul* opinion offers an on-point discussion of the issues raised by the government's Rule 15 motion in the present matter.  First, the government must make a showing that a prospective witness is unavailable.  The moving party may demonstrate the probable unavailability of a prospective deponent "through affidavits or otherwise".  *Id.* at 1553 (citing *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988)).

*Drogoul* makes clear that a potential witness is unavailable for purposes of Rule 15(a) whenever a substantial likelihood exists that the proposed deponent will not testify at trial. *Id.* In *Drogoul*, the Eleventh Circuit Court of Appeals noted that the government had made a strong showing that seven of the thirteen potential deponents were substantially unlikely to be available to testify at trial.  *Id.*  In the present case, the government has made no such showing.

Another key issue is whether the US has a similar treaty with Bosnia as existed in *Drogoul*:

> [U]nder a treaty between the United States and Italy, potential witnesses may be ordered by the Italian government to testify in the United States, but one who refuses to do so may not be removed to this country (the US).  The government has proffered a letter from an Italian judicial officer …certifying that the seven witnesses have declared in open court their unwillingness to testify in the United States.  **This evidence is potent proof of unavailability for purposes of Rule 15(a).**

4

*Id*. at 1553 (*citing* Treaty of Mutual Assistance in Criminal Matters, Nov. 9, 1985, U.S.-Italy, art. 15, 24 I.L.M. 1539, 1541; *U.S. v. Sindona*, 636 F.2d 792, 803 (2nd Cir. 1980). (Emphasis added.)

The requirement of potent proof is particularly important in the present matter.  The prospective witnesses herein have all been repeatedly interviewed regarding abuse and war crimes for the past three decades.  A cursory search of law review articles on the use of foreign witnesses in the manner sought by the government against Mr. Djudjic reveals a large number of scholarly concerns.   (Winter 2003): Practioner's Comment Waiving a Red Flag in Court: Obtaining and Using Witness Testimony from the Former Soviet Union, 39 Stan. J. Int'l 99 (2003) Stanford Journal of International Law.[1]

However, the most concerning failure of the government to establish the requisite showing of "exceptional circumstances" is discernible from the information contained in the attachment to the prosecution's motion.  The following table summarizes the information that purportedly supports the government's showing of exceptional circumstances:

| Potential Witness | Reasons Provided by Government in Support of Purported "Exceptional Circumstances" |
|---|---|
| No. 1 (S.B.) | The potential witness "indicated he is not mentally able to travel to the United States to testify." |
| No. 2 (I.S.) | "There is no information regarding [the potential witness'] willingness or ability to travel to the United States." |
| No. 3 (I.H.) | The potential witness "indicated he is willing to travel to the United States depending on his health." |
| No. 4 (A.S.) | "There is no information regarding [the potential witness'] willingness or  ability to travel to the United States." |
| No. 5 (R.S.) | "[The potential witness] indicated he was not willing to travel to the United States." |

---

[1] The *Drogoul* opinion is again instructive on this point.  Because Rule 15 requires the prosecution to provide a sufficient showing of unavailability, the government ought to be required to establish whether a treaty exists which governs foreign depositions in the present matter. The fact that Bosnia (Yugoslavia) is part of the former Soviet Union are several significant countervailing factors which would render the taking of depositions at this point unjust to the accused, Mr. Djurdjic.

| No. 6 (S.S.) | "There is no information regarding [the potential witness'] willingness or ability to travel to the United States." |
|---|---|
| No. 7 (H.S.) | "[H.S.] indicated that he was willing to travel to the United States also that his health was failing and he was often in hospitals." |
| No. 8 (O.C.) | "There is no information regarding [the potential witness'] willingness or ability to travel to the United States." |
| No. 9 (M.S.) | "There is no information regarding [the potential witness'] willingness or ability to travel to the United States." |

First, it is important to note that, upon information and belief, all of the information provided by the Government in support of its position comes from the disclosure in this case. Specifically, the information comes from reports of investigation that were prepared in 2017. Assuming the understanding of undersigned counsel is correct, Mr. Djurdjic respectfully submits that the information provided by the prosecution is stale, and therefore insufficient for the government to demonstrate exceptional circumstances. Furthermore, there is simply no information, and therefore no showing whatsoever of exceptional circumstances, as to the ability of five of the prosecution's nine potential witness' ability to travel to the United States. The lack of any information at all surely cannot qualify as sufficient for the government to persuasively demonstrate exceptional circumstances.

**III.    Conclusion:**

Although the government certainly has the means to present reliable information that could potentially satisfy its requirement of demonstrating "exceptional circumstances" sufficient for this Court to order depositions under Rule 15, it has not provided information of that quality as to any of the potential witnesses it seeks to depose in Bosnia. For that reason, Mr. Djurdjic opposes the prosecution's motions for Rule 15 depositions, although he is amenable to reconsidering his opposition, on an individual basis, if the government is able to produce additional information that is current and more reliable.

1                 RESPECTFULLY SUBMITTED this <u>17th</u> day of <u>April</u>, 2019

2                           LAW OFFICES OF MATTHEW H. GREEN

3                             By: <u>s/ Matthew H. Green</u>

4                                Matthew H. Green
                               Attorney for Defendant

5

6 Electronic copy to:

7 U.S. Attorney's Office
Erica Seger
Kevin Hakala

8 405 W. Congress
Tucson, Arizona  85701

9
Matthew McGuire

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25