**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01658-001-TUC-JGZ (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Sinisa Djurdjic, | |
| Defendant. | |

Pending before the Court is the Government's Motion for Rule 15 Depositions of nine witnesses who are foreign nationals residing Bosnia. (Doc. 39.) Defendant filed a Response (Doc. 44) and the Government filed a Reply. (Doc. 46.) The Court will grant the Motion.

Defendant Sinisa Djurdjic is a citizen and national of Bosnia and Herzegovina who entered the United States in 2000 with a refugee visa and later became a lawful permanent resident in the United States. (Doc. 39 at 1–2.) In 2017, Defendant was charged with fraud and misuse of visas, permits, and other documents in violation of 18 U.S.C. § 1546(a) (Count 1); attempted unlawful procurement of citizenship or naturalization in violation of 18 U.S.C. § 1425(a) (Count 2); and attempted unlawful procurement of citizenship or naturalization in violation of 18 U.S.C. § 1425(b) (Count 3). (*Id.* at 2–3; Docs. 1, 4.) The government asserts that the requested depositions will yield testimony relevant to Counts 2 and 3 regarding allegations that Defendant made material misrepresentations in his N-400 Application for Naturalization and other documents submitted to the United States,

including his initial refugee application. (Doc. 39 at 3–4.) According to the government, the witnesses "claim to have direct knowledge regarding certain aspects of the defendant's activities when he was a service member in the Bosnian War that are material to the charges in this case." (*Id.* at 5; *see also* Doc. 46 at 2 ("the witnesses' expected testimony . . . is at the heart of the allegations in the indictment . . . .").) The government submitted with its motion a sealed proffer of the witnesses' expected testimony.[1] (Doc. 41.) With regard to the nine prospective deponents' willingness to travel to the United States to testify at trial, the government indicates that one is unable, one is unwilling, two are willing depending on their health, and there no is information as to the remaining five on this topic. (*Id.*) Information about the witnesses' availability is from reports prepared in 2017. (Doc. 44 at 6; Doc. 46 at 2.)

The government's motion is made pursuant to Rule 15(a)(1), Fed. R. Crim. P., which provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the exceptional circumstances requirement has been satisfied." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (internal quotation marks and citations omitted). "Ordinarily, exceptional circumstances exist when the prospective deponent is unavailable for trial and the absence of the testimony would result in an injustice." *United States v. Sanchez–Lima*, 161 F.3d 545, 548 (9th Cir. 1998). "The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *United States v. Drogoul,* 1 F.3d 1546, 1552 (11th Cir. 1993).

Defendant opposes the government's motion, arguing that the government fails to show that the witnesses are unavailable, especially because the information the government

---

[1] The government states that "[t]he names of the material witnesses have been previously provided to the defendant, as well as all of the reports and statements the government has in its possession in connection with these matters." (Doc. 39 at 2.)

relies upon is from reports prepared in 2017. Defendant also opposes the motion on the ground that the government has not shown the absence of a treaty between the United States and Bosnia through which the United States can request the Bosnian government to compel its residents to attend a trial in the United States. Defendant does not challenge the materiality of the expected testimony or the government's proposed procedures for conducting the depositions.[2]

The Court finds that the government has met its burden of showing exceptional circumstances exist such that allowing the depositions is in the interest of justice. While unavailability of a witness underlies the Rule 15(a) analysis, *see Sanchez–Lima*, 161 F.3d at 548, a conclusive showing of unavailability is not required to allow a deposition to be taken so that the testimony can be preserved for possible use at trial. *Omene,* 143 F.3d at 1170; *see also United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir. 1985) ("It would be unreasonable and undesirable to require the government to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition."). Here, the government has shown that all the witnesses are beyond the subpoena power of the Court. Further, according to the government's Reply, there is no treaty under which the United States can request the Bosnian government to compel the witnesses to attend trial in the United States. (Doc. 46 at 2.) Even though two of the witnesses are willing to attend trial depending on their health, they nonetheless remain beyond the subpoena power of the United States courts. Thus, "[t]he possibility remains that they could change their minds, in which case it would be impossible for the government to present their testimony." *Drogoul,* 1 F.3d at 1557 (permitting depositions even though witnesses, who were beyond the court's subpoena power, were willing to attend trial). The same conclusion applies to the five witnesses for whom there is no information about their willingness to travel. Even if they were willing, they remain

---

[2] Under Rule 15(c)(3), the Court is required to make specific findings when it orders the deposition of a witness who is outside the United States to be taken without the defendant's presence. "Here, both parties agree that the defendant will not physically be present but will participate via VTC. Thus, the Court need not make the specific findings required by the subsection." (Doc. 39 at 4.)

beyond the Court's subpoena power and could change their minds at any time rendering it impossible for the government to present their testimony. *See id.* In sum, while all nine witnesses are expected to present evidence critical to the government's case, two have expressed an unwillingness to travel and, in any event, there is no way to compel any of them to testify at trial.

The Court rejects Defendant's argument that the Court should deny the motion because the information presented by the government as to witness availability is stale. The government seeks to depose foreign nationals who live in Bosnia. The depositions will be conducted in Bosnia. Because the witnesses are beyond the subpoena power of the court and because it appears that they cannot otherwise be compelled to testify at trial, more recent information would not change the Rule 15(a) analysis.[3]

Accordingly,

IT IS ORDERED that the Government's Motion for Rule 15 Depositions (Doc. 39) is GRANTED and that the foreign deposition of government's Foreign Witnesses shall be taken and preserved for use in the trial of this case;

IT IS FURTHER ORDERED that:

1. Counsel for both the government and the defendant shall agree to a scheduled date for each deposition;
2. Counsel for both the government and the defendant shall be physically present with the witnesses in Bosnia. Counsel shall conduct questioning at a predetermined location in Bosnia;
3. The deposition shall be simultaneously transmitted by video technology to the United States, where the defendant, with his additional counsel, will be physically present to see and hear the witnesses and consult with defense counsel as to any questions he wants to ask the witnesses;

---

[3] Although the government satisfies Rule 15(a)(1)'s unavailability requirement to proceed with the depositions, it remains to be determined whether the government will be able to use the depositions at trial. "If the party taking the deposition seeks to introduce it as evidence at trial, he will have to demonstrate at that time that the deponent is unavailable." *Sines,* 761 F.2d at 1439.

4. An accredited court reporter shall be physically present in the respective foreign country for the deposition and shall create a contemporaneous record of the witnesses' testimony. The witnesses shall take an oath or affirmation to tell the truth. United States' counsel and the Defendant through counsel shall be permitted to pose questions directly to the witnesses. The depositions shall be videotaped in their entirety. If necessary, a certified translator shall provide translation of questions and answers.

5. All the depositions shall be governed by the Federal Rules of Evidence and Criminal Procedure to the extent the respective Foreign authorities permit;

6. A verbatim record of the proceedings shall be made and the testifying witnesses shall be videotaped. The United States shall also bear the costs of any stenographic recording and transcripts of the proceeding for their witnesses;

7. All evidentiary objections under United States law made during the proceedings shall be noted and preserved for the Court as provided in Rule 15(g) of the Federal Rules of Criminal Procedure and Rule 30(c) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that this matter is set for a status conference on **June 11, 2019 at 1:30 p.m.**

Dated this 6th day of May, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge