MICHAEL BAILEY
United States Attorney
District of Arizona
ERICA L. SEGER
Assistant U.S. Attorney
State Bar No. 022681
405 W. Congress St., Suite 4800
Tucson, AZ  85701-5040
Tel. (520) 620-7300
Email:  erica.seger@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| United States of America, | CR-17-01658-TUC-JGZ (DTF) |
|---|---|
| Plaintiffs, | MOTION IN LIMINE RE: EXCULPATORY STATEMENTS |
| v. | |
| Sinisa Djurdjic, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and files this motion in limine requesting that this Court bar the defendant from introducing his own out-of-court statements through other witnesses.

The defendant should be precluded from introducing his own out-of-court statements through the testimony of another witness.  While the Government may use the statements of a defendant against him under Federal Rule of Evidence 801(d)(2) (admission by party-opponent), this rule may not be relied upon by defendant because he is not the proponent of the evidence and, if introduced by him, the evidence would not be offered against him (but rather on his own behalf).  *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir.2000.) (Defendant could not introduce his own non-self-inculpatory hearsay statements).

The defendant's non self-inculpatory statements are inadmissible even if they were made contemporaneously with other self inculpatory statements. *See Williamson v. United States*, 512 U.S. 594, 599, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). The self inculpatory statements, when offered by the government, are admissions by a party opponent and are therefore not hearsay, see Fed.R.Evid. 801(d)(2), but the non self inculpatory statements are inadmissible hearsay. *See Williamson*, 512 U.S. at 599, 114 S.Ct. 2431 (finding that [t]he fact that a person is making a broadly self inculpatory confession does not make more credible the confession's non self inculpatory parts [which are hearsay]). To rule otherwise, the defendant would be able to place his exculpatory statements before the jury without subjecting [himself] to cross examination, precisely what the hearsay rule forbids. *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir.1988).

Furthermore, the defendant cannot rely on the rule of completeness to introduce his own hearsay statements.  Under Ninth Circuit law, Rule 106 does not allow admission of otherwise inadmissible hearsay.  *Ortega*, 203 F.3d at 683 (Even if the rule of completeness did apply, exclusion of Ortega's exculpatory statements was not proper because these statements would still have constituted inadmissible hearsay.); *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (Because Zaidi's out-of-court statements to Kehl do not fall within an exception to the hearsay rule, they are inadmissible, regardless of Rule 106.)

Accordingly, the Court should enter an order precluding the defendant from introducing his own hearsay statements through the testimony of another witness.

      RESPECTFULLY SUBMITTED on this 9th day of September, 2019.

                                  MICHAEL BAILEY
                                  United States Attorney
                                  District of Arizona

                                  *s/ Erica L. Seger*

                                  Erica L. Seger
                                  Assistant United States Attorney

Copy of the foregoing served electronically or by other means this day 9th of September, 2019, to:

Matthew Green and Matthew McGuire
Attorney for the Defendant

3