**GREEN | EVANS-SCHROEDER, PLLC**
130 W. Cushing Street
Tucson, AZ 85718
(520) 882-8852
Fax (520) 882-8843
Email: matt@arizonaimmigration.net

**Matthew H. Green**
Arizona Bar No. 020827
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR17-01658-JGZ(DTF) |
| Plaintiff, | **DEFENDANT'S STATUS REPORT** |
| vs. | |
| SINISA DJURDJIC, | STC: Jan. 29, 2020, 1:30 p.m. |
| Defendant. | |
| | (HONORABLE JENNIFER G. ZIPPS ) |

Defendant Sinisa Djurdjic ("Mr. Djurdjic"), by and through undersigned counsel, submits the instant status report pursuant to the Court's order dated December 18, 2019. Defense counsel respectfully incorporate by reference the information contained in Defendant's December 11, 2020 Status Report.

At the time of the December 16, 2019 Status Conference, undersigned counsel advised the Court that he had been in contact with the Court of Bosnia and Herzegovina ("Bosnian Court"), and was working with International Counterintelligence Services, an international investigation firm previously authorized for use by Defendant in this Case (ICS), with the hope that ICS could provide an investigator to retrieve the seven DVDs

1

of testimony after payment was made for that material. During that conversation, the Government advised that it had also requested either the same testimony, or similar testimony, months earlier but had not received the requested recordings. Defense counsel also explained that, once the defense obtained the recorded testimony from the Bosnian Court, it would need to be translated and transcribed.

Around this time, the Government advised that the qualifications of a Serbo-Croatian translator used by the defense in the *Mitrovic* case in the Northern District of Georgia had been challenged by the prosecution in that case, and the parties discussed whether it may be possible for the Government to obtain the seven DVDs of testimony from the Bosnian Court, and have it translated and transcribed. The Government was uncertain as to whether that would be possible but the parties agreed to explore the option.

Defense counsel also advised this Court that they expected they would need to engage a law firm in Bosnia and Herzegovina to provide defense counsel with clarity as to what, if any, authorization they need to perform investigative work in that country, and potentially to petition the government of Bosnia and Herzegovina for such permission on their behalf.[1] Undersigned counsel emphasized the importance of being able to properly answer this question as soon as possible since it would necessarily inform the scope and duration of much of what lies ahead.

---

[1] Undersigned counsel explained that the defense was "previously operating under the assumption that such authorization would only be required if they sought to take sworn depositions of witnesses in Bosnia and Herzegovina. However, after speaking with Mr. Dayan recently, undersigned counsel has reason to believe that such authorization, potentially through letters rogatory, will be required for any work defense counsel perform. It is also the understanding of undersigned counsel that it will likely require the assistance of a qualified law firm in Bosnia and Herzegovina to effectively accomplish this"

**A. Progress on Acquisition of the Seven DVDs of Testimony from the Bosnian Court**

On December 17, 2019, undersigned counsel forwarded his email correspondence with the Bosnian Court to ASUA Erica Seger. On December 18, 2019, Ms. Seger acknowledged receipt of the email correspondence and advised that she would let the defense know if she heard anything. On January 7, 2020, undersigned counsel contacted Ms. Seger to inquire as to whether it appeared that the Government would be able to acquire the recorded testimony, and have it transcribed and translated. She responded that it was unlikely that the Government would be able to do so.

Undersigned counsel also attempted, again, to resuscitate the failing relationship with ICS, after a month of silence. On January 8, 2020, undersigned counsel spoke with Randy Wahl, Executive Vice President of ICS, who said he was going into a meeting and would call back within a few hours. He never did. Later that night, undersigned counsel sent Mr. Wahl an email asking him to call the next day. He never did. On January 13, 2020, undersigned counsel sent another email to Mr. Wahl, advising him to cease any work on the case and to provide a final invoice within 30 days.

On January 15, 2020, undersigned counsel sent an email to the Bosnian Court, asking (a) whether there was an option to make payment over the phone or internet via credit card, (b) whether there was an option to pay an additional cost to have the Bosnian Court mail the DVDs to defense counsel in the U.S., and (c) whether the Bosnian Court could provide defense counsel with an estimate of how many hours of testimony are contained on the seven DVDs. On January 16, 2020, a representative from the Bosnian Court responded and advised only that payment must be made via wire transfer through

one of three foreign banks.

**B. Progress on Determination of Whether Authorization from the Bosnian Government is Required for Defense Counsel to Conduct Interviews in Bosnia and Herzegovina**

On January 7, 2020, undersigned counsel attempted to identify appropriate attorneys located in Sarajevo for the purpose of obtaining clarity as to whether letters rogatory are required for the defense to conduct pretrial investigation in Bosnia and Herzegovina. Undersigned counsel sent email correspondence on January 7, 2020 to three attorneys in Sarajevo. Two responded but did not appear to have the relevant experience. Undersigned counsel also corresponded or spoke to a very experienced former Army Judge Advocate General attorney, a very experienced international white collar crime defense attorney, and a very experienced Department of State official for guidance and recommendations.

On January 9, 2020, undersigned counsel spoke with a representative of the Consulate General for Bosnia and Herzegovina in Chicago. He understood the issue, and advised that it would be necessary to write a formal letter, on the letterhead of undersigned counsel, explaining the situation, and articulating the specific question that needed to be answered. The official assured undersigned counsel that, upon receipt of the letter, it would be forwarded to the proper authorities in Sarejevo and an answer would be provided as soon as possible.

On January 15, 2020, undersigned counsel completed his letter and mailed it to the Consulate General of Bosnia and Herzegovina in Chicago.

**C. Progress on Engaging a Local Serbo-Croatian Interpreter/Translator**

On January 13, 2020, undersigned counsel had a very productive telephone conversation with CJA Case Managing Attorney Jennifer Naegele. During the conversation, it became apparent that it would be somewhat challenging to determine an appropriate rate for translation and transcription of the foreign witness testimony. After the conversation concluded, Ms. Naegele sent undersigned counsel an email with Ninth Circuit presumptive rates for document translation, document transcription, and interpretation.

On January 15, 2020, undersigned counsel sent another email message to Ms. Naegele. In fact, he forwarded the email he had originally received from Dr. Prayag Narayan Misra, owner of PNM-Interpreting in Phoenix, Arizona. PNM-Interpreting is the "local" Serbo-Croatian interpretation/translation vendor that defense counsel referenced in the December 11, 2020 Status Report. Undersigned counsel explained that the proposal that Dr. Misra provided differs in some important ways in both scope of services and terms of compensation from what the standard CJA rates provide. For that reason, undersigned counsel asked Ms. Naegele for guidance on how to proceed.

**D. Additional Developments**

    **1. Locating a New International Investigator**

Mr. McGuire is taking the lead on attempting to locate a new international investigation firm. He is attempting to collaborate with the Federal Public Defender's Office for this purpose, and he will be able to provide more information at the time of the January 20, 2020 Status Conference.

    **2. Locating an Eyewitness Identification/Memory Expert Witness**

Defense counsel believe that it will be necessary to ask the Court to authorize funds to engage the services of a mistaken identity/memory expert, since both of these issues figure prominently in the defense's theory of the defense. Last summer, undersigned counsel briefly spoke with an expert but her hourly rate was extremely high. Mr. McGuire is taking the lead on this project and, again, is attempting to leverage the resources of the Federal Public Defender's Office.

### 3. Pretrial Motions Practice

Although defense counsel anticipates that there will be several pretrial motions that will be filed, and will require an evidentiary hearing, only a limited number of those motions can be prepared prior to concluding witness interviews. However, undersigned counsel has recently assigned research and writing assignments to Vickie Bletso, the research and writing attorney authorized by this Court for that purpose.

### 4. Additional Disclosure

On January 15, 2020, the Government disclosed 374 additional pages of documents. The entire set of documents is written completely in Serbo-Croatian. Ms. Seger advised that she is attempting to determine which of those documents the Government will have translated.

**E. Priority of Tasks to Accomplish in the Next Sixty Days**

The priority in the next sixty days will be as follows:

1. To obtain clarity from the government of Bosnia and Herzegovina as to what, if any, prior authorization is required for defense counsel to conduct witness interviews there, and to take the appropriate next steps.

2. To engage a new, reliable international investigation firm so that, first and foremost, the seven DVDs of testimony can be acquired from the Court of

6

Bosnia and Herzegovina. The international investigation firm will also be essential to assist the defense with locating potential witnesses who must be interviewed in Bosnia prior to defense counsel's arrival in Bosnia and Herzegovina.

3. To engage the services of PNM-Interpreting so that defense counsel can begin conducting telephonic or video-telephonic interviews with potentially exculpatory witnesses in Bosnia and Herzegovina.

4. Once the seven DVDs of foreign testimony is received, to engage the services of PNM-Interpreting for the purpose of translating and transcribing that testimony (and potentially the documents recently disclosed by the Government that the prosecution does not translate and transcribe).

5. To engage a mistaken identity/memory expert witness as a consulting expert witness, and potentially as a testifying expert witness.

6. To engage Ken Daogstino as a local investigator who will assist the defense both domestically and internationally with witness interviews. Undersigned counsel expects to submit an authorization request for Mr. Dagostino's services prior to the January 29, 2020 status conference.

RESPECTFULLY SUBMITTED this 22nd day of January, 2020

GREEN | EVANS-SCHROEDER, PLLC

By: s/ Matthew H. Green
Matthew H. Green
Attorney for Defendant

Electronic copy to:

Matthew McGuire

7